Hermes MACEDO, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–76659.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2008.

Filed May 23, 2008.

Stephen Eckdish, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Greg D. Mack, OIL, Edward E. Wiggers, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, HAWKINS, and McKEOWN, Circuit Judges.

MEMORANDUM *

Hermes Macedo ("Macedo") appeals the Board of Immigration Appeals's ("BIA") denial of his applications for withholding of removal under section 241(b)(3)(B) of the Immigration and Nationality Act ("INA") and under the Convention Against Torture (CAT).[1]

The Immigration Judge ("IJ") correctly found Macedo ineligible for withholding of removal under section 241(b)(3)(B) of the INA because he was not persecuted on account of a protected ground. See 8 C.F.R. § 1208.16(b). Substantial evidence underlies the IJ's finding that Macedo never expressed any affirma-

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Macedo does not appeal the denial of his asylum application.

tive political belief, and that Josias de Oliveira Lula Filho ("Oliveira") never imputed any such belief to Macedo. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1029–30 (9th Cir.2000). Instead, Oliveira irrationally blames Macedo for his wife's death, and he appears determined to exact revenge for personal, not political, reasons.

This reality also dooms Macedo's argument that he has been persecuted as a member of a protected social class: former police officers. Since there is no evidence that any other former officers have been targeted by Oliveira, substantial evidence supports the IJ's conclusion that Oliveira was motivated by a personal vendetta and not by the characteristics of Macedo's social group. *See In re C–A–,* 23 I. & N. Dec. 951, 958–59 (BIA 2006).

█ The IJ rejected Macedo's CAT application on alternative grounds. In this appeal, we are only concerned with the IJ's finding that Macedo failed to carry his burden to establish that it was more likely than not that he would be tortured if he relocated to some part of Brazil other than Goiânia. *See* 8 C.F.R. § 1208.16(c)(3)(ii). Given that Macedo was attacked only in Goiânia and that he lived without incident for several years in Goiânia's countryside, we cannot say the record compels a contrary conclusion.

**DENIED.**